IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> VS. <br><br> **FREDDIE BARKLEY, JR.,** <br> Defendant | NO. 5: 06-CR-118 (DF) <br><br> **VIOLATION: Firearms Related** |

# ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case. Based upon the evidence presented/ proffered, I conclude that the following facts require the detention of the defendant pending trial in this case:

## PART I - FINDINGS OF FACT

☐ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### ALTERNATIVE FINDINGS

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence presented/proffered at the DETENTION hearing clearly and convincingly establishes that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the appearance of this defendant and the safety of the community were defendant Barkley to be released from custody at this time. Although he has resided in the Middle District of Georgia for a number of years, he has a record of arrests and convictions for serious felony offenses going back to 1978. The criminal charge herein against this defendant is a serious federal drug offense for which long-term incarceration can be anticipated in the event of a conviction or plea of guilty. His estimated sentencing guideline range is 235 months to 293 months in prison if convicted. The weight of evidence against defendant Barkley is strong: he is a convicted felon and was found in possession of firearms.

Defendant Barkley has a prior felony conviction record which includes: **BURGLARY**, 1978, Superior Court of Lamar County, Georgia; **VIOLATION OF THE GEORGIA CONTROLLED SUBSTANCES ACT**, 1981, Superior Court of Spalding County, Georgia; **PURCHASE/POSSESSION OF ILLEGAL DRUGS**, 1991, Superior Court of Spalding County; and, **THEFT BY SHOPLIFTING** (felony), 1995, Superior Court of Bibb County, Georgia. He also has misdemeanor drug convictions in Spalding County in 1986 and 1990, as well as misdemeanor convictions for **SHOPLIFTING** (1994 and 1995) and **SIMPLE BATTERY** (Family Violence, 1996 and 2003). In addition, defendant Barkley has a history of probation violations and revocations.

Considering these matters and the contents of the Pretrial Services Report prepared by the U. S. Probation Office, the undersigned finds that pretrial detention of this defendant is required. IT IS SO ORDERED.

## PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 18th day of OCTOBER, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE